IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRETHREN HOME OF GIRARD, ILLINOIS, an Illinois Not for Profit Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06-3161 ) |
| OSM, INC., a Missouri Corporation, STRATUM DESIGN-BUILD, INC., a Missouri Corporation, and STEWART W. MACGREGOR, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants OSM, Inc. (OSM) and Stewart MacGregor's Motion to Dismiss Counts II and III of Plaintiff's Complaint (d/e 11) (Motion). For the reasons set forth below, the Motion is ALLOWED.

### STATEMENT OF FACTS

Plaintiff Brethren Home of Girard, Illinois (Brethren), alleges in its Complaint (d/e 1) that it operates a nursing care facility in Girard, Illinois,

1

known as Pleasant Hill Village (Village). On or before March 2003, Brethren decided to expand the Village (Expansion Project). Brethren contracted with OSM for architectural and engineering services for the Expansion Project. OSM agreed to perform the services for $68,000.00. Brethren contracted with Stratum to perform the work constructing the Expansion Project. Stratum agreed to construct the Expansion Project for a lump sum of $1,784,509.53. MacGregor is a licensed architect and the President, Secretary, and Director of both OSM and Stratum. Complaint, ¶¶ 3,6,7-10.

On or about July 28, 2004, Stratum, through the MacGregor's office, submitted an application for payment, representing that the Expansion Project was 59% complete and that subcontractors and material suppliers had been paid. At the same time, OSM, through MacGregor's office, certified that the work had been completed and the materials were in place as indicated by Stratum's request for payment. Id., ¶¶ 13-14.

Brethren made the requested payment based on the representations in Stratum's application and OSM's certification. In fact, however, the job was not 59% complete and numerous subcontractors and material suppliers had not been paid. After Stratum received the payment, Stratum and OSM

2

abandoned the Expansion Project. Brethren had to spend an additional $364,407.43 to complete the Expansion Project. Id., ¶¶ 15-17.

Based on these allegations, Brethren has brought eight counts against the Defendants. Count II alleges a claim for negligent misrepresentation against OSM. Specifically, Count II alleges that: (1) OSM had a duty to inspect and communicate accurate information concerning the progress of Stratum's work and the amounts owed to subcontractors and material suppliers, (2) OSM breached that duty, (3) OSM intended others to act in reliance on its certification, (4) Brethren relied on the certification in approving the payment to Stratum, and (5) Brethren was damaged thereby. Id., ¶¶ 56-61. Count III alleges negligent misrepresentation against MacGregor. Count III incorporates by references the allegations in Count II and then alleges that MacGregor personally participated in the tortious conduct alleged in Count II. Id., ¶¶ 79-85. The remaining six counts seek recovery for breach of contract, intentional misrepresentation, consumer fraud, and restitution.

## ANALYSIS

OSM and MacGregor now move to dismiss Count II and III. For purposes of the Motion, the Court must accept as true all well-pleaded

factual allegations contained in Counts II and III of the Complaint and draw all inferences in the light most favorable to Brethren. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir.1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir.1996). Counts II and III should not be dismissed unless it appears beyond doubt that Brethren can prove no set of facts that would entitle it to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir.1996).

It is beyond doubt that Brethren cannot recover based on the allegations in Counts II and III. Illinois bars claims for negligent misrepresentation against architects and engineers when the plaintiff seeks to recover purely economic damages. Fireman's Fund Ins. Co. v. SEC Donohue, Inc., 176 Ill.2d 160, 168-96, 679 N.E.2d 1197, 1201 (Ill. 1997); 2314 Lincoln Park West Condominium Ass'n v. Mann, Gin, Ebel & Frazier, Ltd., 136 Ill.2d 302, 312, 555 N.E.2d 346, 351 (Ill. 1990).[1] That is exactly what Brethren seeks in Counts II and III. The claims are barred.

Brethren argues that its claims fit within the exception to the general rule that allows recovery of economic damages for negligent misrepresentation against individuals in the business of providing

---

[1] The parties agree that Illinois law applies.

4

information.  See Moorman Mfg. Co. v. National Tank Co., 91 Ill.2d 69, 89, 435 N.E.2d 443, 452 (1982).  The Illinois Supreme Court rejected this argument in the context of both engineering and architecture.  In both cases, the Illinois Supreme Court determined that the provision of information was incidental to the professional services provided, and so, the exception to the general rule did not apply.  Fireman's Fund, Inc., 679 N.E.2d at 1201; 2314 Lincoln Park West, 555 N.E.2d at 352-53.  Brethren attempts to distinguish these cases, but the Court is not persuaded.  Brethren cannot recover from OSM or MacGregor for its economic losses based on negligent misrepresentation.  Brethren must proceed under its other theories of breach of contract, consumer fraud, intentional misrepresentation, and restitution.

THEREFORE, Defendants OSM, Inc. and Stewart MacGregor's Motion to Dismiss Counts II and III of Plaintiff's Complaint (d/e 11) is ALLOWED.  Counts II and III of the Complaint are dismissed.

IT IS THEREFORE SO ORDERED.

ENTER:  November 16, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

5