

E-FILED
Thursday, 16 August, 2007   04:44:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRETHREN HOME OF GIRARD, ILLINOIS, an Illinois Not For Profit Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06-3161 |
| OSM, INC., a Missouri Corporation, STRATUM DESIGN-BUILD, INC., a Missouri Corporation, and STEWART MacGREGOR, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants, OSM, Inc.'s and Stewart W. MacGregor's Motion for Judgment on the Pleadings as to Counts IV and V of Plaintiff's Amended Complaint (d/e 21). This is a diversity action. Plaintiff Brethren Home of Girard, Illinois (Home) alleges that it hired the Defendants to design and build an expansion of its facilities in Girard, Illinois (Expansion Project). The Home alleges that the Defendants made certain misrepresentations and ultimately abandoned the

1

Expansion Project before its completion. Counts IV and V of the Amended Complaint alleges claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. 815 ILCS 505/1 et seq. (Act). The Defendants move for judgment on the pleadings on these Counts. For the reasons set forth below, the Motion is denied.

## STATEMENT OF FACTS

On May 22, 2003, the Home entered into a contract with OSM, Inc. (OSM) to provide architectural and engineering services for the Expansion Project. The fee was $68,000, plus expenses. Complaint, ¶ 8. On October 31, 2003, the Home entered into a contract with Stratum Design-Build, Inc. (Stratum) to construct the Expansion Project. The lump sum price was $1,784,509.53. Id. ¶¶ 9-10. Defendant MacGregor was the President, Director, and Secretary of both OSM and Stratum. Id., ¶ 6.

On July 28, 2004, MacGregor submitted an application for payment, representing that the job was 59% complete and materials were in place. He further certified that certain subcontractors and suppliers were paid. The Home made the partial payment. The Home alleges that, in fact, numerous suppliers and subcontractors were not paid, the job was not 59% complete, and materials were not in place. The Home further alleges that the

Defendants then abandoned the Expansion Project, and the Home incurred additional expenses of $364,407.43 to complete it. Id., ¶¶ 13-17.

The Home alleges in Counts IV and V that OSM misrepresented that the Expansion Project was 59% complete. The Home alleges that OSM intended for the Home to rely on this misrepresentation, and the Home did so rely. The Home also alleges that OSM also did not disclose a conflict of interest because MacGregor was connected to both OSM and Stratum, and MacGregor performed the inspection on behalf of OSM to certify the completion of Stratum's work. The Home alleges that it was not given the opportunity to hire an independent inspector. Id., ¶¶ 106-09. The Home alleges that MacGregor personally participated in the alleged misrepresentations and failures to disclose. Id., ¶ 134. The Home alleges that, as a result, it suffered damages in the sum of $364,407.43. Based on these allegations, the Home brings claims under the Act against OSM in Count IV and against MacGregor in Count V. OSM and MacGregor now ask for judgment on the pleadings on those counts.

## ANALYSIS

Rule 12(c) motions for judgment on the pleadings are reviewed under the same standard as Rule 12(b)(6) motions. 188 LLC v. Trinity Industries,

3

Inc., 300 F.3d 730, 735 (7th Cir. 2002). The Court must accept as true all of the Home's well-pleaded factual allegations and draw all inferences in the light most favorable to it. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Judgment on the pleadings should not be entered unless it appears beyond doubt that the Home can prove no set of facts that would entitle it to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

> To state a claim under the Act, the Home must allege:
>
> (1) a deceptive act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff suffered actual damage; and (5) the damage was proximately caused by the deception.

Geschke v. Air Force Ass'n, 425 F.3d 337, 345 (7th Cir. 2005). The Home has alleged all of these elements. The Home alleges that OSM committed deceptive acts by making misrepresentations and failing to disclose material facts with the intent that the Home would rely on those deceptive acts; the deception occurred in the course of commerce as part of the provision of architectural and engineering services to the Home by OSM; the Home was damaged; and the damages were proximately caused by the deceptive acts.

4

The Home further alleges that MacGregor personally participated in these acts and so is personally liable. See Motsch v. Pine Roofing Co., Inc., 178 Ill.App.3d 169, 533 N.E.2d 1 (1st Dist., 1988). The Home states a claim in both Counts; judgment on the pleadings is not appropriate.

The Defendants argue that the Home must allege that the wrongful conduct was addressed to the market generally or otherwise implicated consumer protection concerns. The cases on which the Defendants rely, however, generally involve situations in which the plaintiff is not a consumer of the defendant's goods and services. Athey Products Corp. v. Harris Bank Roselle, 89 F.3d 430, 436-37 (7th Cir. 1996); Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc., 275 Ill.App.3d 452, 459, 654 N.E.2d 1109 (2nd Dist., 1995); Brody v. Finch Univ. of Health Sciences, 298 Ill.App.3d 146, 160, 698 N.E.2d 257 (2nd Dist., 1998). See Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill.App.3d 524, 534, 546 N.E.2d 33, 41 (2nd Dist., 1989); Century Universal Enterprises, Inc. v. Triana Development Corp., 158 Ill.App.3d 182, 199, 510 N.E.2d 1260, 1270 (2nd Dist., 1987). In those cases, the plaintiff must show some nexus to consumer protection concerns to be entitled to relief under the Act.

Here, the Home alleges that it is a consumer of the Defendants' services. The alleged injury, thus, when viewed in the light most favorable to the Home, is a consumer injury, and so, implicates consumer protection concerns. See Skyline Intern. Development v. Citibank, F.S.B., 302 Ill.App.3d 79, 85, 706 N.E.2d 942, 946 (1st Dist., 1998) ("[A]s long as the plaintiff, whether a business entity or a person, is a consumer, it need only show a personal injury caused by the fradulent or deceptive acts.").

Defendants rely on two cases in which the plaintiffs were consumers of the defendants' services. Brody, 698 N.E.2d at 262-63; Bankier v. First Federal Sav. & Loan Ass'n of Champaign, 225 Ill.App.3d 864, 866, 588 N.E.2d 391, 392 (4th Dist., 1992). The Brody case, however, went to trial, and the plaintiffs failed to prove their claims under the Act. Brody, 698 N.E.2d at 264. The Bankier case was resolved at summary judgment because the plaintiff failed to present evidence that the defendant committed a deceptive act. Bankier, 588 N.E.2d at 398. This case is at the pleading stage. As such, the Court must view the allegations in the light most favorable to the Home. When viewed in that light, the Home has alleged claims under the Act in Counts IV and V. Judgment on the pleadings, therefore, is not warranted.

THEREFORE, Defendants, OSM, Inc.'s and Stewart W. MacGregor's Motion for Judgment on the Pleadings as to Counts IV and V of Plaintiff's Amended Complaint (d/e 21) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   August 16, 2007.

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE