IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRETHREN HOME OF GIRARD, ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06-3161 ) |
| OSM, INC., | ) ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant OSM Inc.'s (OSM) Motion for Costs (d/e 102).  In this case, Plaintiff Brethren Home of Girard, Illinois, (Brethren) prevailed against Defendant Stratum Design-Build, Inc. (Stratum), but did not prevail against Defendant OSM.  Rather, Brethren failed to present sufficient evidence to overcome OSM's Motion for Judgment as a Matter of Law at the end of the Brethren's case in chief.  See Fed. R. Civ. P. 50.  In this situation, the Court has discretion in taxing costs. Allen & O'Hara, Inc. v. Barrett Wrecking, Inc., 898 F.2d 512, 517 (7th Cir. 1990).  The Court determines that in this case, OSM should be entitled to

1

recover its cost because it prevailed at trial. Fed. R. Civ. P. 54(d). OSM was forced to prepare a defense even though Brethren failed to present sufficient evidence to overcome a Motion for Judgment at the end of its case in chief.

OSM, Inc., is entitled to recover from Brethren the reasonable and necessary costs for:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of this title.

28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d). Parties may recover court reporter attendance fees as part of the cost of securing transcripts of depositions. Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995). Postage and delivery costs, however, are not recoverable. Alexander v. CIT

Technology Financing Services, Inc., 222 F.Supp.2d 1087, 1090 (N.D. Ill., 2002).  This Court must, in its discretion, determine the appropriate amount of costs to be taxed.  Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

OSM seeks recovery of $1,308.05 for deposition transcripts and court reporter fees.  Brethren objects to the amounts requested for the copies of deposition transcripts for Stewart MacGregor, William Bradshaw, and James Filliung.  In each case, OSM purchased two copies of the transcripts, either email and paper, or CD and paper.  OSM is not entitled to recover the costs of two copies.  The Court therefore reduces the costs sought for these three transcripts by half.  The amount allowed for Stewart MacGregor's deposition transcript is reduced from $175.05 to $87.53; the amount allowed for William Bradshaw's deposition transcript is reduced from $215.20 to $107.60; and the amount allowed for James Filliung's transcript is reduced from $142.10 to $71.05.  The total amount allowed for deposition transcripts and court reporter fees is $1041.88.

OSM seeks $896.46 in witness fees.[1]  OSM seeks $460.21 in witness

---

[1]OSM originally sought $1,045.14 in witness fees, but subsequently reduced the request because two of the witness fee checks issued to Brethren employees were not cashed.  Defendant, OSM, Inc's Memorandum in Support of its Motion for Costs (d/e

fees for Stewart MacGregor. This request is denied. MacGregor was a Defendant in this case and the corporate representative of Defendants Stratum and OSM. He attended the trial in those capacities and, as such, the Court determines that OSM should not recover witness fees. The other witness fees are allowed. Brethren argues that these witnesses did not testify; that is true because Brethren failed to present evidence to overcome a Motion for Judgment at the close of its case. OSM, however, still had to be prepared to present its case, and so, had to incur the cost of securing the attendance of these witnesses. The total amount allowed for witness fees is $465.25.

OSM seeks $4,830.37 in fees for copies. The amount sought for copies is allowed except for $15.00 in postage and $57.75 in ground transportation. Delivery and postage charges are not allowed. Many of the charges were for trial exhibits. These were not used because Brethren failed to overcome a Motion for Judgment, but, again, OSM had to be prepared to present its case. The costs were reasonable. The total amount allowed for copies is $4,757.62. The total costs allowed are $6,264.75.

THEREFORE, Defendant OSM, Inc.'s Motion for Costs (d/e 102) is

104).

ALLOWED in part.  The Court taxes costs in the sum of $6,264.75 in favor of OSM, Inc. and against Brethren Home of Girard, Illinois.

IT IS THEREFORE SO ORDERED.

ENTER: September 5, 2008

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE